**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**AT PIKEVILLE**

**CIVIL ACTION NO. 04-300-DLB**

**ETHIL PIGMAN**                                                                     **PLAINTIFF**

**vs.**                      **MEMORANDUM OPINION & ORDER**

**JO ANNE B. BARNHART, Commissioner**
**SOCIAL SECURITY ADMINISTRATION**                       **DEFENDANT**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Ethil Pigman filed an application for Supplemental Security Income (SSI) on May 8, 2003. Plaintiff had filed a prior application for SSI approximately ten years earlier, in March of 1993. That prior claim was denied on May 4, 1993, and Plaintiff did not appeal that initial denial.

Plaintiff was 62 years of age at the time of the hearing on her 2003 application. She alleges a disability onset date of January 1, 2003, due to high blood pressure, thyroid problems, back problems, breathing problems, and an inability to be around harsh, strong cleaning solutions. Her application was denied initially and on reconsideration. Plaintiff then requested a hearing before an administrative law judge, which hearing was held on

January 27, 2004, in Prestonsburg, Kentucky. The ALJ ruled that Plaintiff was not under a disability and was not eligible for SSI payments. This decision was approved by the Appeals Council on August 7, 2004.

The instant action was filed on August 19, 2004. It has now culminated in cross motions for summary judgment.

## II.  DISCUSSION

### A.  Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Social Security,* 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments, or combination thereof, are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last

step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Social Security,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.     The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability. (Tr. 16). At Step 2, the ALJ found that Plaintiff has medically determinable impairments of high blood pressure, thyroid problems, back problems, breathing problems, and an inability to be around harsh cleaning solutions, but that these impairments were not severe in that they did not limit her ability to perform basic work-related activities. (Tr. 16-17) Since Plaintiff was found not to have an impairment or impairments which were severe, the sequential analysis ended and she was deemed not under a disability for purposes of the Act.

**C.     Analysis**

Plaintiff raises one challenge in her appeal. However, the application of this challenge to the circumstances of her case is not clear. She argues that under *Gaston v. Richardson,* 451 F.2d 461 (6th Cir. 1971) the ALJ was obligated to procure the May 4, 1993, determination from her prior application and examine whether it had any *res judicata* effect on her 2003 application. Plaintiff's reliance upon *Gaston* is misplaced.

In *Gaston* the claimant allowed an initial denial of her first application for benefits to become final without submitting further appeal or requesting a hearing. *Id.* at 462. She then filed a second application, *listing the same date of onset of disability*. The Secretary determined the second application was barred by *res judicata*, despite claimant's protests that she had not had a hearing on her first claim. *Id.* at 464. Both the district court and

Sixth Circuit upheld the Secretary's determination, concluding that whether to pursue the matter through to hearing was entirely within the control of claimant, and so she could not now be heard to complain when her subsequent application was deemed barred. *Id.* at 464-65.

As pointed out by the Commissioner, *Gaston* has no application to the within claim. Plaintiff's 2003 application alleges a January 1, 2003, onset date of disability. She is not asserting a period of disability overlapping her prior application some ten years earlier. Consideration of the prior application simply has no relevancy to this proceeding.

Plaintiff submits her prior application is, in fact, relevant to the question of "medical improvement" and that she is now considered under the regulations as "closely approaching retirement age," in contrast to her age status with her prior application. Again, Plaintiff's contentions are misplaced. The ALJ determined Plaintiff did not have a severe impairment, therefore concluding his sequential analysis at Step 2. Plaintiff's age is not a consideration at this step of the sequential analysis. *See Salmi v. Secretary of Health & Human Servs.,* 774 F.2d 685, 691-92 (6th Cir. 1985)(consideration of severity at Step 2 is driven by affect on ability to work, without regard to age, education, or prior work experience). And consideration of "medical improvement" is not implicated in this case, as this application is not a challenge to termination of benefits previously awarded. *See* 20 C.F.R. § 416.994.

In summary, Plaintiff has failed to raise a recognizable legal error to the ALJ's decision denying her benefits. The ALJ's consideration and decision in this case complied with the applicable standard and was supported by substantial evidence.

### III. CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #9) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #10) is hereby **GRANTED**.

A judgment affirming this matter will be entered contemporaneously herewith.

Dated this 27th day of September, 2005.



Signed By:
*David L. Bunning*     DB
United States District Judge

G:\DATA\SocialSecurity\MOOs\7-04-300-PigmanMOO.wpd